IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 9, 2008 Session

JOYCE TRAIL v. STATE OF TENNESSEE, DEPARTMENT OF
COMMERCE AND INSURANCE, (Insurance Division)

Direct Appeal from the Chancery Court for Davidson County
No. 06-1146-IV    Hon. Richard H. Dinkins, Chancellor

No. M2008-00062-COA-R3-CV - Filed November 5, 2008

The Commissioner revoked appellant's license to sell insurance and fined her $7,000.00.  Appellant petitioned for review by the Trial Court, who affirmed the determination made by the Commissioner. On appeal, we affirm the Judgment of the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, SP.J., joined.

Robert L. Huskey, Manchester, Tennessee, for appellant, Joyce Trail.

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, Laura T. Kidwell, Assistant Attorney General, and Sarah A. Hiestand, Senior Counsel, Nashville, Tennessee, for appellee, State of Tennessee, Department of Commerce and Insurance.

**OPINION**

Appellant brought this action to review the Final Decision of a State Administrative Agency, revoking her insurance license, and fining her $7,000.00.

The administrative record was filed with the Trial Court, and a hearing was held wherein the attorneys argued their positions.

The administrative record sets forth the Administrative Law Judge's decision and findings. James Dunlap had testified before the ALJ that he and his mother went to appellant's office to obtain insurance, and he wrote a check for the down payment in the amount of $316.75, on November 15, 2001. He testified that he did not receive an insurance policy, and that the check did not clear his bank account until February 8, 2002. He did not remember receiving any bills from the insurance company, but he wrote a check to the insurance agency on April 5 for $233.99, and wrote checks for the same amount in May and June of that year.

Dunlap identified an insurance card that he was given by appellant, and testified that it stated the effective date was 12/15/01, and expired 12/15/02, and listed the insurance company as Tennessee Insurance Company. He testified that he was involved in an accident in February 2002, and reported it to appellant.

The record reveals that after the accident State Farm Insurance Company was seeking to recover $5,000.00 from Dunlap as a result of the accident, and that Dunlap hired an attorney and filed a lawsuit against appellant and PGA Insurance Company, and as a result, appellant settled with him for $7,000.00 which covered the claim by State Farm and attorney's fees. Also appellant eventually sent two checks to Dunlap to refund his premiums, but he did not cash them on the advice of counsel.

The ALJ found that, pursuant to Tenn. Code Ann. §56-6-112, the Commissioner could suspend, revoke, or refuse to reissue an agent's license for improperly taking or misappropriating an insured's money, for using fraudulent, coercive, or dishonest practices in the conduct of business, or for demonstrating incompetence, untrustworthiness, or financial irresponsibility in the conduct of business. The ALJ found the State had met its burden of proof in showing that appellant improperly withheld or misappropriated Dunlap's funds on eight separate occasions, which was to his detriment because the money was not passed to the insurance company, PGA, which resulted in Dunlap not having insurance. Further, that while accepting payments from Dunlap for insurance coverage she never procured, she issued a fraudulent insurance card to Dunlap. The ALJ found appellant's dishonesty was also shown by the fact she never disclosed the lack of policy even after Dunlap had experienced an accident. The ALJ revoked appellant's license, and assessed the fine of $7,000.00.

Following arguments before the Trial Court, the Trial Court filed a Memorandum Opinion and Order, and noted that pursuant to Tenn. Code Ann. §4-5-322, his review was confined to the administrative record, and that the Court could only reverse or modify the agency's decision if the decision was in violation of constitutional/statutory provisions, in excess of the agency's authority, made upon unlawful procedure, arbitrary or capricious, or unsupported by substantial and material evidence.

The Court found there was substantial and material evidence to support the ALJ's finding that appellant improperly withheld or misappropriated money to the detriment of Dunlap from November 2001 through October 2002, which resulted in Dunlap having no coverage when he

reasonably expected to have coverage. The Court also found there was substantial and material evidence to support the ALJ's finding that appellant was fraudulent, dishonest and untrustworthy in her conduct by accepting payments from Dunlap for an insurance policy she never procured for him and by issuing him a fraudulent proof of insurance card. The Court affirmed the finding that appellant violated Tenn. Code Ann. §56-6-112 (a)(4) & (8).

The Trial Court noted that it could only examine the sanction to determine if it was unwarranted in law or without justification in fact, and he determined that the sanctions imposed in this case were warranted and justified. Appellant on appeal, raises these issues:

1.       Was the Commission's decision characterized by abuse of discretion or clearly unwarranted exercise of discretion, and further was the decision and degree of punishment rendered commensurate with the evidence?

2.       Did the Trial Court err in upholding the Commissioner's decision?

As we have previously explained:

Tenn.Code Ann. § 4-5-322(h) addresses the narrow scope of judicial review of an administrative agency decision as follows:

> The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
>
> (5) Unsupported by evidence which is both substantial and material in the light of the entire record.

In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

The term "substantial and material evidence" has been defined as " 'such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration.'" This Court has also described it as requiring " 'something less than a preponderance of the evidence . . . but more than a scintilla or glimmer.'" Judicial review of an administrative agency's decision under the "substantial and material evidence" standard, however, subjects the agency's decision to close scrutiny.

When reviewing a trial court's review of an administrative agency's decision, this Court essentially is to determine "whether or not the trial court properly applied the ... standard of review" found at Tenn. Code Ann. § 4-5-322(h). This Court addressed its judicial review of evidence contained in the administrative record as follows:

> While this Court may consider evidence in the record that detracts from its weight, [this] [C]ourt is not allowed to substitute its judgment for that of the agency concerning the weight of the evidence....

Judicial review of an agency's construction of a statute and its application of the statute to the facts of the case is a determination involving a question of law. Accordingly, this Court's review of such matters is de novo without any presumption of correctness. With respect to an agency's interpretation of its own rules and regulations, courts afford deference and controlling weight to such determinations unless plainly erroneous or inconsistent with the regulation.

*Jones v. Bureau of TennCare*, 94 S.W.3d 495 (Tenn. Ct. App. 2002)(citations omitted).

In this case, the Court found there was substantial and material evidence to support the ALJ's finding that appellant improperly withheld or misappropriated money to the detriment of Dunlap from November 2001 through October 2002, which resulted in Dunlap having no coverage when he reasonably expected to have coverage. The Court also found there was substantial and material evidence to support the ALJ's finding that appellant was fraudulent, dishonest and untrustworthy in her conduct by accepting payments from Dunlap for an insurance policy she never procured for him and by issuing him a fraudulent proof of insurance card. The Trial Court affirmed the finding that appellant violated Tenn. Code Ann. §56-6-112 (a)(4) & (8).

The evidence in the record supports these findings. There was substantial proof that appellant had numerous opportunities to discover and disclose the lack of coverage to Dunlap, but failed to do so, but instead, kept representing that he had coverage and accepting payments for the same, when she had reason to know that no coverage existed. She supplied him with an insurance card with a fictitious policy number on it, and failed to follow up on numerous inquiries about the lack of a policy being issued. Appellant was unable to support any of her excuses for her behavior with valid documentation, and the ALJ found her testimony to be lacking in credibility. For all of the foregoing reasons, the ALJ's findings are supported by substantial and material evidence, and

in affirming the ALJ's Judgment, the Trial Court applied the proper standard of review in this case.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Joyce Trail.

_____
HERSCHEL PICKENS FRANKS, P.J.